Case 4:24-cv-02563   Document 19   Filed on 02/27/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 27, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | Civil Action No. |
| v. | § | 4:24-cv-2563 |
| | § | Criminal Action No. 4:20-cr-00276 |
| Terrence Spidell Durham, | § | |
| | § | |
| Defendant-Movant. | § | |

## ORDER ADOPTING RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending is Movant Terrence Spidell Durham's Motion to Vacate, Set Aside, or Correct the Sentence, Civ. Dkt. 1; Crim. Dkts. 91 & 93, and Respondent United States' Memorandum in Response to Defendant-Movant's 28 U.S.C. § 2255 Motion, Civ. Dkt. 12; Crim. Dkt. 98. The Court has received from the Magistrate Judge a Memorandum and Recommendation (Civ. Dkt. 14; Crim. Dkt. 101) recommending that Movant's motion be DENIED, his civil action be DISMISSED with prejudice, and a certificate of appealability be DENIED. The Court has also received Petitioner's objections (Civ. Dkt. 18), which were timely filed after a brief extension.

Defendant Durham in his Objections to the Memorandum and Recommendation reiterates his claims that he had ineffective assistance of counsel because he chose a bench trial rather than a jury trial after the trial court had denied Defendant's motion to suppress all physical evidence seized during a search of his

vehicle. Tellingly, "Durham concedes the fact that he voluntarily waived his right to a trial by jury both orally and in writing" and that Durham's Declaration now is "inconsistent with his statements in open court, along with the signed waiver." Document No. 18 at 1-2. But now he argues there was no sound strategy for him to opt for a bench trial and hence, his defense counsel must have been ineffective.

This is a fatuous argument. In more than three decades on the bench the Court has seen numbers of cases in which, once a motion to suppress has been denied, other well-represented defendants have opted for bench trials because the entire defense is based upon suppression of the government's essential evidence. When the Government's essential evidence is not suppressed and an adverse outcome is then likely -- whether by jury trial or bench trial -- a bench trial is often preferred to perfect an appeal more quickly to the Court of Appeals where the defendant's suppression arguments may be upheld.[1]

The Court, after having made a de novo determination of the petition, response, and Movant's objections, is of the opinion

---

[1] Such appears to be the case here. Durham's only challenge on appeal was "the denial of his motion to suppress physical evidence, specifically the $100,000 cash and the drug test kit seized from his vehicle." United States v. Durham, No. 22-20057, 2023 WL 2366986,*1 (5th Cir. Mar. 6, 2023)(per curiam). Without that evidence the government would have had no case.

2

that the findings and recommendations of the Magistrate Judge are correct. The Movant's objections are hereby OVERRULED, and the findings of the Magistrate Judge should be and hereby are accepted by the Court in their entirety. Accordingly,

It is ORDERED and ADJUDGED for the reasons set forth in the Memorandum and Recommendation of the United States Magistrate Judge signed and filed on December 20, 2024 (Civ. Dkt. 14; Crim. Dkt. 101), which is adopted in its entirety as the opinion of this Court, that Movant's Motion to Vacate, Set Aside, or Correct the Sentence (Civ. Dkt. 1; Crim. Dkts. 91 & 93) is DENIED. A certificate of appealability is DENIED.

The Clerk will enter this Order and send copies to all parties of record.

Signed at Houston, Texas this 27th day of February, 2025.

Ewing Werlein, Jr.
United States District Judge